STATE of Missouri ex rel. DOLGEN-
CORP, INC., d/b/a Dollar Gener-
al Stores, Relator,

v.

The Honorable Stephen R.
SHARP, Respondent,

and

City of Campbell, Missouri, and
William "Buck" Riley,
Defendant.

No. SD 29398.

Missouri Court of Appeals,
Southern District,
Division Two.

March 19, 2009.

Motion for Rehearing or Transfer
Denied April 8, 2009.

Jeffrey A. Mullins, Matthew M. Hogan, Lenexa, for Relator.

W. Tom Norrid, Springfield, for Respondent.

Albert M. Spradling, III, Cape Girardeau, for Defendant.

NANCY STEFFEN RAHMEYER, Judge.

This request for a Writ of Prohibition stems from a case in which William and Carolyn Flowers ("Plaintiffs") filed a Wrongful Death/Negligence Petition for Damages against several defendants, including Dolgencorp, Inc., d/b/a Dollar General Stores ("Relator"), based on the death of their daughter, Kasi Flowers ("Daughter"). The petition alleged that on August 12, 2006, Daughter was employed by Relator. At approximately 1:22 p.m. on that date, a man entered the Dollar General store where Daughter was working, chased Daughter, and attempted to assault her. At approximately 6:45 p.m., the man reentered the store and shot and killed Daughter.

Relator filed an Answer to the Petition for Damages, raising as an affirmative defense that the Petition should be dismissed for lack of subject matter jurisdiction as found in Rule 55.27(a)(1) due to the fact that section 287.120 of Missouri's Workers' Compensation Law provides the exclusive remedy for injured employees.[1] Relator

---

1. All rule references are to Missouri Court Rules (2008), and all references to statutes are to RSMo 2000, unless otherwise specified.

also filed a Motion to Dismiss based upon the court having a lack of jurisdiction over the subject matter of the case pursuant to the statutory bar of section 287.120. The Honorable Stephen R. Sharp ("Respondent") denied the Motion to Dismiss.

Relator filed a Petition for Writ of Prohibition to prevent Respondent from taking further action in the underlying case brought by Plaintiffs. This Court entered a Preliminary Order in Prohibition. Relator requests that we make the Preliminary Order in Prohibition absolute and prevent Respondent from taking any further action other than granting Relator's Motion to Dismiss because section 287.120 provides the exclusive remedy for injured workers. Respondent counters that Relator is not entitled to an order prohibiting Respondent from taking action in the case because "[f]urther discovery must be done to determine what effect the initial assault upon [Daughter] on the afternoon of August 12, 2006 had upon her employment status" at the time of her death.

In a recent opinion by this Court, we found that the trial court has subject matter jurisdiction in a common law tort case. In *McCracken v. Wal–Mart Stores East, LP*, —— S.W.3d ——, 2009 WL 464860 (Mo.App. S.D.2009), the plaintiff filed suit against the defendant, alleging that while the plaintiff was making a delivery to the defendant's store, one of the defendant's employees negligently injured the plaintiff. *Id.* at ——, *1. The defendant filed an answer but did not assert an affirmative defense based on the exclusive workers' compensation remedy provided by section 287.120. *Id.* The defendant also filed a motion to dismiss, asserting that the plaintiff was the defendant's employee and, therefore, the exclusive workers' compensation remedy provided by section 287.120 deprived the trial court of subject matter jurisdiction. *Id.* The trial court granted the motion to dismiss based upon lack of subject matter jurisdiction. *Id.*

We reversed that decision based on the Supreme Court of Missouri's opinion in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), which made it clear that the circuit courts' subject matter jurisdiction over all civil and criminal cases, granted to them by Article V, section 14 of the Missouri Constitution, cannot be restricted by statutes that would bar litigants from relief. *McCracken*, —— S.W.3d at ——, 2009 WL 464860 at *3. Applying *J.C.W.*'s subject matter jurisdiction analysis, we held in *McCracken* that because the tort case was a civil case, the circuit court had subject matter jurisdiction and, thus, authority to hear the dispute. *Id.* at ——, *1. Regarding the procedural effect that the exclusive workers' compensation remedy provided by section 287.120 had on the case, we explained that "[w]hile this statute, depending upon the underlying facts in this case, may or may not ultimately operate to bar Plaintiff from any relief on his claim, it does not deprive the trial court of its constitutionally granted subject matter jurisdiction to hear and decide Plaintiff's tort claim." *Id.*

Consistent with *McCracken*, the present wrongful death/negligence claim is a civil case and Respondent has subject matter jurisdiction. We, therefore, improvidently granted a writ of prohibition preventing Respondent from taking further action in this case. The Preliminary Order in Prohibition is quashed.

PARRISH, J., and LYNCH, C.J., concur.